UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CR-87-FL
No. 4:20-CR-90-FL
No. 4:20-CR-98-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | GOVERNMENT MOTION FOR |
| | ) | WHISTLEBLOWER AWARD |
| | ) | |
| PACIFIC CARRIERS LIMITED | ) | |

NOW COMES the United States of America, by and through the Environmental Crimes Section and the United States Attorney for the Eastern District of North Carolina, and respectfully moves this Court to grant this Motion for Whistleblower Award and in support thereof avers the following.

SUMMARY OF REQUEST

The United States respectfully moves the Court to award $1,000,000 (USD), attributable to Pacific Carriers Limited's ("PCL") violations of the Act to Prevent Pollution from Ships, 33 U.S.C. § 1908(a) ("APPS")[1], to Hong Guang Li ("LI"), a cooperating former crewmember from the *M/V Pac Antares*. For the reasons explained below, the government believes this amount will appropriately reward the crewmember for the information that he provided that resulted in this prosecution and is commensurate with other prior awards. PCL has agreed, pursuant to the plea

---

[1] APPS is the domestic implementation of the International Convention on the Prevention of Pollution from Ships which is commonly referred to as "MARPOL" – shorthand for "maritime pollution."

1

agreement, not to oppose this motion.

## PROCEDURAL HISTORY

The plea and sentencing hearings for *U.S. v. Pacific Carriers Limited*, 4:20-Cr-87-FL, 4:20-CR-90-FL, and 4:20-CR-98-FL (E.D.N.C. 2020) are set for December 1, 2020. Assuming that the Court accepts the plea agreement and sentences PCL as set forth in the plea agreement, then it will be ripe for the Court to consider whether to exercise its discretion and award LI a monetary sum pursuant to the Act to Prevent Pollution from Ships ("APPS") provision codified at 33 U.S.C. 1908(a).

## PORTION OF FINE AVAILABLE AS AN APPS AWARD

Section 1908(a) of APPS provides that "[a] person who knowingly violates the MARPOL Protocol, this chapter, or the regulations issued thereunder commits a class D felony. In the discretion of the Court, an amount equal to not more than ½ of such fine may be paid to the person giving information leading to conviction." The plea agreement provides for a total of eight fine payments through the end of the third year after sentencing. Payments one through three, totaling $3,000,000, are apportioned only to the APPS counts in the Informations and are due between zero and sixty days after sentencing. Of the $9,000,000 remaining fine, $5,500,000 is attributable to APPS counts. Therefore, the total APPS fine amount is $8,500,000 and one half of that amount, $4,250,000, is available as an award. However, the total amount would not actually be available until the last payment of $3,000,000 is made on or about November 30, 2023.

## IMPORTANCE OF AN APPS AWARD

The APPS award provision serves a valuable law enforcement purpose by encouraging those most likely to know of illegal conduct to report it and cooperate with law enforcement. Because the discharge of oily waste and garbage typically takes place in the middle of the ocean in international waters, the only persons likely to know about the conduct and the falsification of a vessel's Oil Record Book and Garbage Record Book are the crewmembers. Absent crewmembers with firsthand knowledge of the illegal conduct coming forward, APPS violations are otherwise extremely difficult to uncover. Further, a crewmember who reports illegal conduct faces potential reprisal, such as the likelihood that he will lose gainful employment and be barred—whether formally or informally—from working in the marine shipping industry in the future. A substantial monetary award, as provided by APPS, both rewards crew members for taking those risks and provides an incentive for other crew members to come forward and report illegal conduct on vessels in the future.

## ASSISTANCE PROVIDED BY LI

LI is clearly a whistleblower because he brought substantial information about extensive violations of MARPOL/APPS that occurred on the *M/V Pac Antares* to the attention of U.S. authorities. On September 30, 2019, the vessel was moored in Morehead City, NC. That evening, LI walked off the vessel, approached a Customs and Border Patrol agent, and told the agent that he had information about illegal activity on the vessel. The agent contacted the Coast Guard and relayed the information. The next day, Coast Guard inspectors arrived on the ship and LI

provided them with a statement and electronic media containing photographs and videos depicting illegal discharges of oil waste and garbage. LI was able to capture video of crewmembers dumping oil down the crew laundry sink that drained directly overboard or into the sewage system, and videos of crewmembers throwing large plastic bags of oiled rags and paint chips into the ocean. The number of photographs and videos was very extensive and unusual in an APPS case.

The Coast Guard was able to locate numerous pieces of equipment that were used to accomplish the myriad illegal discharges. So much evidence was gathered that the Coast Guard case agent in Wilmington, NC, had to arrange for a steel "Conex" box to store all of the physical evidence. As set forth in the Joint Factual Statement (Exhibit A to the Plea Agreement), the evidence showed that oily waste was discharged from the waste oil tanks, fuel oil tanks, and the duct keel. In addition to oily waste being dumped down the crew laundry sink, oily water was also discharged using the vessel's installed emergency de-watering system instead of the Oil Water Separator. LI provided photographic and video evidence of discharges of plastic bags of oily rags and paint chips. Dozens of such bag were thrown overboard into the sea.

The information LI provided further helped the investigation establish that some similar discharges may have been occurring on other ships and that the discharges from the M/V Pac Antares spanned at least a six-month timespan. LI's information also documented the use of the duct keel for storage of large quantities of oily water on the vessel for a long period of time. It took several days for the crew

and a contractor to remove the oily water from the duct keel after the start of the Coast Guard inspection.

As a result of the information provided by LI, the Chief Engineer of the vessel agreed to plead guilty to an APPS violation and PCL agreed to plead guilty to numerous felonies and agreed to pay a fine of $12,000,000. LI is commended for coming forward and providing this valuable information to the Coast Guard.

HISTORICAL APPS AWARD PAYMENTS

There have been dozens of APPS award payments made over the years. The amounts have generally ranged from $150,000 to $500,000 and are on occasion split between two or more whistleblowers.[2] In larger cases, the award amount is generally

---

[2] *United States v. Misuga Kaiun Co. Ltd.*, 6:20-cr-103, 29 (M.D. Fla. 2020): award of $375,000 to one crewmember whistleblower, half of the amount available. United States v. Bernhard Schulte Shipmanagement (Singapore) Pte. Ltd., 1:20-cr-4, 28 (D. Haw. 2020): award of $300,000 to one crewmember whistleblower, two-thirds of the amount available. *United States v. Unix Line Pte. Ltd.*, No. 4:19-cr-559, 68 (N.D. Cal. 2020): award of $412,500, the maximum amount available, each to two crewmember whistleblowers. *United States v. Portline Bulk International, S.A.*, No. 19-CR-00434 (D.S.C. 2019): award of $500,000, the maximum amount available, divided between three crewmembers ($200,000, $150,000, and $150,000). *United States v. Aegean Shipping Management, S.A.*, No. 16-CR-00551 (D.S.C. 2017): award of $500,000, the maximum amount available, divided between three crewmembers ($250,000, $150,000, and $100,000). *United States v. DSD Shipping, AS*, No. 15-CR-00102 (S.D. Ala. 2016): award of $750,000, the maximum amount available, divided equally between two crewmembers. *United States v. Marine Managers Ltd.*, No. 14-CR-00118 (E.D. La. 2015): award of $200,000, the maximum amount available, divided equally between two crewmembers. *United States v. Diana Shipping Services S.A.*, No. 13-CR-00040 (E.D. Va. 2013): award of $150,000, the maximum amount available, divided equally between two crewmembers. *United States v. Giuseppe Bottiglieri Shipping Company S.P.A., et al.*, No. 12-CR-00057 (S.D. Ala. 2012): award of $500,000, the maximum amount available, split between five crewmembers in varying amounts. *United States v. Odysea Carriers, S.A., et al.*, No. 12-CR-00105 (E.D. La. 2012): award of $183,000, the maximum amount available, to one crewmember. *United States v. Target Ship Management Pte. Ltd., et al.*, No. 11-CR-00368 (S.D. Ala. 2012): award of $250,000, the maximum amount available, split between seven crewmembers in varying amounts. *United States v. Ilios Shipping Company S.A., et al.*, No. 11-CR-00286 (E.D. La. 2012): award of $350,000, the maximum amount available, to one crewmember. *United States v. Keoje Marine Co. Ltd., et al.*, No. 11-CR-01258 (D. Haw. 2012): award of $150,000, the maximum amount available, paid to one crewmember.

higher. In *U.S. v. Columbia Shipmanagement Ltd.*, 2:13-cr-193 (D.N.J. 2013), the conduct involved four vessels in three districts and the defendant company was sentenced to a fine of $10,400,000. The government sought for $1,000,000 to be paid as a whistleblower award to be split amongst nine crewmembers from different ships. The Court granted the motion and awarded each of the cooperating crewmembers $111,111. *Columbia*, 2:13-cr-193, ECF Doc. 15. In the instant case, there are not multiple crewmembers similarly situated as in *Columbia*. While other crewmembers corroborated LI's information, they did so during proffer sessions and after grants of immunity.

In *Wallenius Shipmanagement Pte. Ltd.*, 2:06-cr-00213 (D.N.J. 2006), the corporate defendant was convicted of APPS crimes related to the discharge of oily bilge water and garbage, along with obstruction of justice, within a single judicial district and ordered to pay a fine of $5,000,000 which was apportioned only to the APPS counts. *Wallenius*, 2:06-cr-213, ECF Doc. 18. The Court awarded four whistleblower crewmembers $625,000 each, for a total award amount of $2,500,000.

In *U.S. v. Princess Cruise Lines Ltd.*, 1:16-cr-20897 (S.D. Fla. 2017), the defendant corporation was prosecuted for various crimes including MARPOL/APPS and assessed a criminal penalty of $40,000,000. Of that amount, $2,000,000 was allocated to four APPS counts. There was one whistleblower in the case and he was awarded $1,000,000. *Princess*, 1:16-cr-20897, ECF Doc. 29.

The largest APPS award payment to one whistleblower was in the case of *U.S. v. OMI Corporation, et. al.*, 2:04-cr-60, (D.N.J. 2004). The defendant was convicted of

APPS crimes and fined $4,200,000. The Court awarded the whistleblower $2,100,000.

CONCLUSION AND PRAYER

The Government respectfully requests this Honorable Court exercise its discretion pursuant to APPS, grant this motion, and award LI $1,000,000. The Government believes this amount is proper given the nature and circumstances of this case and is commensurate with other similarly situated awards. The Proposed Order directs the payment of the award after the second fine installment is received, which is thirty days after sentencing. In order to protect the personal financial information of LI, the Proposed Order includes a provision that directs the Government to provide the electronic bank routing and account information to the Clerk under separate cover so that information is not made public.

Respectfully submitted this 24th day of November, 2020.

ROBERT R. HIGDON Jr.
United States Attorney
Eastern District of North Carolina

By:*/s/ Banumathi Rangarajan*
BANUMATHI RANGARAJAN
Assistant United States Attorney
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4487
E-mail: banu.rangarajan@usdoj.gov
NC State Bar No. 23711

JONATHAN D. BRIGHTBILL
Principal Deputy Assistant Attorney Gene
Environment & Natural Resources Div.

Department of Justice

By:*/s/ Kenneth E. Nelson*
Kenneth E. Nelson
Senior Trial Attorney
Environmental Crimes Section
U.S. Department of Justice
4 Constitution Square
150 M Street, N. E., Suite 4.130
Washington, D. C. 20002
Office: (202) 305-0435
Email: Kenneth.Nelson3@usdoj.gov
VA State Bar No. 68484

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing GOVERNMENT MEMORANDUM IN AID OF SENTENCING on counsel for the defendant in this action by electronically filing the foregoing with the Clerk of court using the CM/ECF system which will send notification and/or by mailing a copy, U.S. mail postage prepaid addressed as follows to:

David M. Rody
NY State Bar No. 4943692
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: drody@sidley.com

Doreen M. Rachal
MA State Bar No. 667837
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
Email: drachal@sidley.com

Patrick Mincey
NC State Bar No. 38372
Zachary C. Bolitho
NC State Bar No. 51808
Cranfill Sumner & Hartzog
101 N. 3rd Street, Suite 400
Wilmington, NC 28401
(910) 777-6017 (Phone)
(910) 777-6107 (Fax)
pmincey@cshlaw.com
zbolitho@cshlaw.com

This 24th day of November, 2020.

BY: */s/ Kenneth Nelson*
KENNETH NELSON
Senior Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Crimes Section
U.S. Department of Justice 4 Constitution Square
150 M Street, N. E., Suite 4.130
Washington, D. C. 20002
Office: (202) 305-0435
Email: Kenneth.Nelson3@usdoj.gov
VA State Bar No.: 68484